J-S14029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THADDEUS GIBSON | : | |
| | : | |
| Appellant | : | No. 2448 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 24, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005048-2015

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 29, 2019**

Appellant Thaddeus Gibson appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago***[1] brief.  We affirm and grant counsel's petition to withdraw.

On April 6, 2015, Appellant, an inmate at SCI Chester, punched a corrections officer in the face.  On April 12, 2016, Appellant pled guilty to one count of aggravated assault graded as a second-degree felony.[2]  That same

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] The maximum term of imprisonment for a second-degree felony is ten years. 18 Pa.C.S. § 1103(2).

day, the trial court sentenced Appellant to one to two years' imprisonment, plus a consecutive term of three years' probation.

Appellant completed his prison sentence and commenced probation on April 12, 2018. As a condition of probation, Appellant was instructed to report to a probation and parole office in Philadelphia within twenty-four hours of his release from prison. Appellant failed to report, and Parole Agent James Hufford obtained a bench warrant for Appellant.

Appellant was taken into custody. At the **Gagnon II**[3] hearing on July 24, 2018, Agent Hufford recommended that the trial court resentence Appellant to one and one-half to three years' imprisonment. Agent Hufford testified that Appellant had a history of assaulting corrections officers and a "lengthy parole history beginning from the 1970's." N.T. Hr'g, 7/24/18, at 6. Additionally, Appellant threatened to kill Agent Hufford after learning that the Board of Probation and Parole would be recommending a new sentence of incarceration due to the technical probation violation. At the conclusion of the hearing, the court revoked probation and resentenced Appellant to one and one-half to three years' imprisonment.[4] The court also advised Appellant of his post-sentence and appellate rights. However, Appellant did not file a motion to modify the sentence.

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[4] After the trial court announced its sentence, Appellant "show[ed] the finger," and cursed at Agent Hufford and the trial judge. N.T. at 11. Appellant's counsel did not object to the sentence at the hearing.

On August 22, 2018, Appellant timely filed a notice of appeal. On October 17, 2018, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Counsel timely filed a statement of intent to file an **Anders**/**Santiago** brief, pursuant to Pa.R.A.P. 1925(c)(4). The court did not file a responsive opinion.

On December 31, 2018, counsel filed an **Anders**/**Santiago** brief and a separate petition to withdraw. Counsel's withdrawal petition indicates that he sent a copy of the **Anders** brief to Appellant, along with a letter advising Appellant of his right to proceed *pro se* or with new, privately retained counsel.[5] Appellant has not filed a *pro se* brief or a counseled brief with new counsel.

Counsel's **Anders**/**Santiago** brief identifies the following issue:

> Whether the trial court erred in sentencing Appellant . . . to a term of 18 to 36 months of incarceration which is harsh and excessive under the circumstances?

**Anders**/**Santiago** Brief at 6.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

---

[5] A copy of the letter is attached to the withdrawal petition.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted).

If counsel complies with these requirements, then "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" **Id.** at 882 n.7 (citation omitted). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his

- 4 -

appellate rights, and supplying Appellant with a copy of the ***Anders***/***Santiago*** brief. ***See Orellana***, 86 A.3d at 880. Moreover, counsel's ***Anders***/***Santiago*** brief complies with the requirements of ***Santiago***. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. We conclude that counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issue raised in the ***Anders***/***Santiago*** brief.

Counsel suggests that the trial court abused its discretion by imposing a sentence that "is inappropriately severe given the technical nature of the violations." ***Anders***/***Santiago*** Brief at 10. Counsel claims Appellant attempted to report to the probation and parole office as directed, but the office was closed when he arrived. ***Id.*** Counsel insists that Appellant's "failure to report was not for a lack of trying," and Appellant immediately contacted Agent Hufford after obtaining the agent's cell phone number. ***Id.*** "Because [Appellant's] violation of his probation was unrelated to any [violent] criminal activity," counsel argues that Appellant deserved a more lenient sentence. ***Id.*** at 11.

Appellant's issue is a challenge to the discretionary aspects of his sentence. The well-settled guidelines to challenge the discretionary aspects of a sentence are as follows:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, . . . ; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016) (citation omitted). "Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citation omitted).

In ***Tukhi***, counsel filed an ***Anders/Santiago*** brief, which challenged the discretionary aspects of the defendant's sentence. ***Id.*** The ***Tukhi*** Court held that the defendant waived the issue by not preserving the issue at the sentencing hearing or in a post-sentence motion. ***Id.***

Instantly, Appellant, like the defendant in ***Tukhi***, failed to raise his sentencing challenge before the trial court and therefore has waived it. ***See id.*** Moreover, our independent review of the record does not reveal any additional, non-frivolous issues preserved in this appeal. ***See Flowers***, 113 A.3d at 1250. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/19